UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TERRY HEIT,
         Plaintiff,

No. 1-96-cv-800

-v-

HONORABLE PAUL L. MALONEY

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,
         Defendants.

ORDER VACATING REJECTION OF PLEADINGS AND ORDER DENYING OBJECTION

      This matter comes before the Court on Eric Martin's Objection to Order Rejecting Pleading.

      As background, Plaintiff Heit filed a complaint in 1996 against the Michigan Department of Corrections (MDOC), on behalf of himself and all persons similarly situated, alleging that prisoners in the system were subject to unconstitutional disciplinary practices and procedures. The class action was certified by Judge Richard Enslen in April 1998. The case was closed in January 2001 when Judge Enslen accepted a proposed settlement between the parties.

      Eric Martin is a prisoner under the control of the MDOC. On June 30, 2008, Mr. Martin filed a motion under the case number for the class action. Mr. Martin requested money damages and an order reversing a number of misconducts he has received since 1997. On July 16, 2008, the Magistrate Judge issued an order (Dkt. No. 408) rejecting Mr. Martin's pleadings because (1) he is not a party to the case and (2) the case was closed on January 8, 2001. Mr. Martin filed objections to the order on August 2, 2008. On August 13, 2008, the Magistrate Judge issued another order (Dkt. No. 409) rejecting Mr. Martin's objections for the same two reasons.

      On September 8, 2008, this Court received a letter (Dkt. No. 410) from Mr. Martin objecting to the Magistrate Judge's rejection of his earlier objection, arguing that the District Judge, rather

than the Magistrate Judge, should have reviewed his earlier objection. Under FED. R. CIV. P. 72, a party has ten days after being served with an order issued by a magistrate judge to file objections. *See also* W.D. L.CIV.R. 72.3(a) and (b) (requiring same). The rules require the district judge to resolve timely filed objections. FED. R. CIV. P. 72(a) and (b)(3); W.D. L.CIV.R. 72.3(a) and (b). Accordingly, Mr. Martin's objections must be reviewed by the district judge and they should not have been rejected. Under the rule, the district court must modify or set aside any part of the magistrate judge's order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

Mr. Martin objects to the Magistrate Judge's order (Dkt. No. 408) for two reasons. First, Mr. Martin argues he is a party to the action because it was a class action brought on behalf of all similarly situated persons. Mr. Martin asserts he, like Plaintiff Heit, was subject to the unfair disciplinary hearing process which was the subject of the action. Mr. Martin does not indicate when he was incarcerated, but he does allege several discipline actions between 1997 and 1999, which would have occurred during the time that the class action was pending. From this, the Court concludes Mr. Martin was a member of the class on whose behalf the action was brought.

Second, Mr. Martin alleges the case should not have been closed as Defendants have continued the same unlawful custom and practice. Judge Enslen considered and rejected similar arguments from prisoners who objected to the proposed settlement. To the extent Mr. Martin's pleading could be construed as an objection to the proposed settlement, it is untimely by more than five years. This action was properly closed in January 2001. Mr. Martin has recourse for his complaints outside of filing a motion in this action. Accordingly, Mr. Martin's objection is DENIED.

For the reason given above, **IT IS HEREBY ORDERED:**

(1) The Order Rejecting Pleading (Dkt. No. 409), in which Mr. Martin's objection was rejected, is **VACATED.**  Mr. Martin's objection shall be **ACCEPTED AND ENTERED** in this action.

(2).  Mr. Martin's Objection is **DENIED.**


Date:   September 26, 2008                                    /s/ Paul L. Maloney
                                                                                              Paul L. Maloney
                                                                                              Chief United States District Judge