UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,
         Plaintiff,

                                                  No. 1:06-cv-896

-v-

                                                  HONORABLE PAUL L. MALONEY

BASIL WOLEVER, et al.,
         Defendants.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This Court has before it a Report and Recommendation (Dkt. No. 67) issued by a magistrate judge. Defendants filed objections (Dkt. No. 69). Plaintiff Reeves filed a response (Dkt. No. 75) to the objection and an affidavit (Dkt. No. 77) in support of his response. This Court has read the amended complaint, the underlying motion and response, the Report and Recommendation, objections and response as well as relevant authority.

I. BACKGROUND

Plaintiff Reeves is an inmate under the control of the Michigan Department of Corrections (MDOC). Plaintiff filed a complaint in December 2006 alleging claims arising out of an incident which occurred in June 2002. Plaintiff alleges he was on modified access at the time of the incident and remained on modified access at least through May 2004. (Dkt. No. 33 and 34; Dkt. No. 77.) Plaintiff filed an amended complaint (Dkt. No. 10), with leave of the court, on May 14, 2007. The amended complaint alleges, in May 2004, he filed grievances relating to the June 2002 incident that occurred while he was on modified access. Plaintiff asserts, on August 9, he was told the grievances would not be processed. Plaintiff contends, after coming off modified access, he filed additional grievances on October 24, 2004 relating to the June 2002 incident. (*Id.* at 3a). Plaintiff then filed

a step II and then a step III appeal because he never received any response to his October grievances. (*Id.* at 3a-3b).

Defendants Wolever, Datema, Smith and Mawer filed a motion (Dkt. No. 26) titled "Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as Required by 42 USC § 1997e(a)" on July 6, 2007.[1] Although titled a motion for summary judgment, the brief in support in section C references Rule 12(b)(6) of the Federal Rules of Civil Procedure and argues the motion as a motion to dismiss. (Dkt. No. 27 at 5). Defendants argue Plaintiff did not timely file any grievance relating to the June 2002 incident. Defendants assert the May 2004 grievances were filed as Step III grievances and were untimely.

Plaintiff, in his response, concedes he did not file any Step I grievance in June 2002.[2] (Dkt. No. 33 at 2). Plaintiff, however, asserts he properly exhausted his administrative remedies because he complied with the grievance procedure. Plaintiff argues he was on modified access at the time of the incident and, pursuant to MDOC policy, had to request grievance forms from the Grievance Coordinator. (*Id.* at 3). Plaintiff asserts he made such a request on June 27, 2002, but it was denied because the incident was under investigation. (*Id.* at 3-4). Plaintiff also argues he submitted a request for production of documents to Defense Counsel requesting a copy of all his requests for grievances while on modified access between November 2000 and May 2004, and made a similar

---

[1]Defendant Mowat filed a "me too" motion on August 7, 2007, which is identical in every respect to the motion filed by Defendants Wolever, Datema, Smith and Mawer, except for the name of the defendant. (Dkt. No. 43). The brief in support "joins and adopts by reference" the brief in support filed by Defendants Wolever, Datema, Smith and Mawer. (Dkt. No. 44). The objection was filed on behalf of all five Defendants.

[2]Plaintiff's response to Defendants' motion is titled "Objections to Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies As Required by 42 USC § 1997e(a)."

request to the Grievance Coordinator. (*Id.* at 6). Plaintiff submitted an affidavit in which he avers similar allegations.[3] (Dkt. No. 36).

II. LEGAL FRAMEWORK

After being served with a report and recommendation issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

III. ANALYSIS

---

[3]This affidavit is signed by Plaintiff, but is not dated and is not notarized.

The magistrate judge recommends denying Defendants' motion. The May 2004 grievances failed to properly exhaust Plaintiff's claims and there is no genuine issue of material fact that Plaintiff failed to file any other grievance regarding his claims or pursue the claim through Step III of the grievance process. The magistrate judge, nevertheless, recommends denying the motion because Defendants "failed to demonstrate that Plaintiff failed to exhaust those administrative remedies available to him at the time of the incident in question." (Dkt. No. 67 at 8). Plaintiff was on modified access at the time of the incident and requested Step I grievance forms from the Grievance Coordinator, but the request was denied. As a result, Defendants have not demonstrated that Plaintiff failed to exhaust the administrative remedies available to him at the time of the incident.

Defendants object to the findings and the recommendation. Defendants first argue the Magistrate Judge improperly cited the original complaint, rather than the amended complaint. Defendants argue Plaintiff failed to include this particular exhaustion allegation in his amended complaint. Defendants argue Plaintiff has not offered any documents in support of his allegation that he made any requests to the Grievance Coordinator. Defendants submit a document dated July 8, 2002, in which Plaintiff requests a grievance in order to grieve an incident which occurred on July 7, 2002. (Dkt. No. 69-3, Attachment A to Defendants' Objections). In the final nine pages of their objection, Defendants argue Plaintiff's claim is barred by the doctrine of issue or claim preclusion.

Upon a *de novo* review of the relevant issues, this Court agrees with the Magistrate Judge's recommendation. Defendants are correct that the Magistrate Judge erred in citing original complaint rather than the amended complaint. This error is not fatal to the recommendation. The allegations in the original complaint referenced by the Magistrate Judge are also made in Plaintiff's response to Defendants' motion and supported in his affidavit. Because Defendants' motion is treated as a

4

motion for summary judgment, assuming Defendants' carry their initial burden, the question is whether Plaintiff's response is sufficient to create a genuine issue of material fact. This Court concludes it does. Plaintiff, in his response, alleges he exhausted the *available* administrative remedies. He alleges he requested a grievance form, but was unable to secure one from the Grievance Coordinator. Because Plaintiff was on modified access in June 2002, he could not file a grievance unless the Grievance Coordinator approved the request for a grievance form. When he requested a grievance form, his request was denied by the Grievance Coordinator because the issue was under investigation.

Defendants' objection that Plaintiff failed to support his allegation with any documentation, is unpersuasive. Plaintiff claims he made a request for production of documents from the Grievance Coordinator. In July 2007, Plaintiff made a request to Defendants for production of documents requesting "any logs, list or documentation reflecting plaintiff's request for Step I, II, or III grievances from the Step I Grievance Coordinator at I-MAX while I was on modified access from November 2000 through May 2004." (Dkt. No. 77-4, Exhibit C to Plaintiff's Affidavit in Response to Defendants' Objections to Report and Recommendation). MDOC policy in effect in June 2002 required the Grievance Coordinator to maintain a record of requests for grievance forms and whether those requests were approved or denied. (Dkt. No. 27-6, Exhibit 4 to Defendant's Brief in Support - MDOC Policy Directive 03.02.130 Section MM (effective November 1, 2000)). Defendants objected to the request stating "Plaintiff's complaint is time-barred." (Dkt. No. 77-6, Exhibit E to Plaintiff's Affidavit in Response to Defendants' Objections to Report and Recommendation). If there is documentation supporting Plaintiff's allegation, it is under the control of the MDOC, who has refused to give Plaintiff access to the information. The document submitted by Defendants in their objection,

5

which they purport to be Plaintiff's request for a grievance form, is not conclusive. In his response to Defendants' motion for summary judgment, Plaintiff asserted that he made the request for a grievance for "on or about June 27, 2002" in order to grieve the June incident. The document submitted by Defendants is dated July 8, 2002.

Finally, this Court will not consider Defendants' objection the basis of issue or claim preclusion. Defendants did not make the preclusion argument in their motion for summary judgment. The issue was not raised in the Report and Recommendation. The first time preclusion is mentioned is in Defendants' objection to the Report and Recommendation. Issues raised for the first time in a reply brief are not properly before a court because the other side has no opportunity to respond. *N.L.R.B. v. Int'l Health Care, Inc.*, 898 F.2d 501, 506 n. 5 (6th Cir. 1990).

IV. CONCLUSION

This Court agrees with the conclusions in the Report and Recommendation. Defendants' motion for summary judgment fails to establish that Plaintiff failed to exhaust the available administrative remedies.

ORDER

**IT IS HEREBY ORDERED:**

1. The Report and Recommendation (Dkt. No. 67) is **ADOPTED** over objections.

2. Defendants Wolever, Datema, Smith and Mawer's Motion for Summary Judgment (Dkt. No. 26) and Defendant Mowat's Motion for Summary Judgment (Dkt. No.43) are **DENIED.**

Date:   December 23, 2009                             /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge